# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation of Supervised Release**) |
| v. | Case Number:  06-cr-00366-WYD-01 |
| | USM Number:  34557-013 |
| DARLA MURTA SANCHEZ | Matthew C. Golla, AFPD<br>(Defendant's Attorney) |

**THE DEFENDANT:**  Admitted guilt to violation 1, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of this violation:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Violation of the Law - Theft | 12/13/10 |

　　　　The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

　　　　It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

　　　　It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

　　　　　　　　　　　　　　　　　　　　　　　　　November 6, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　Date of Imposition of Judgment

　　　　　　　　　　　　　　　　　　　　　　　　　s/ Wiley Y. Daniel
　　　　　　　　　　　　　　　　　　　　　　　　　Signature of Judge

　　　　　　　　　　　　　　　　　　　　　　　　　Wiley Y. Daniel, Chief U.S. District Judge
　　　　　　　　　　　　　　　　　　　　　　　　　Name & Title of Judge

　　　　　　　　　　　　　　　　　　　　　　　　　November 21, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　Date

DEFENDANT:  DARLA MURTA SANCHEZ
CASE NUMBER:  06-cr-00366-WYD-01                                                                    Judgment-Page 2 of 5

## SUPERVISED RELEASE

The defendant's three-year term of supervised release that was imposed on July 9, 2007, is revoked and a new supervised release term of twenty-four (24) months shall commence effective immediately.

The defendant must report to the probation office in the district to which she is released within 72 hours of her release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

DEFENDANT:  DARLA MURTA SANCHEZ
CASE NUMBER:  06-cr-00366-WYD-01                                                               Judgment-Page 3 of 5

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall be placed on home detention for a period of six (6) months, to commence within 21 days of sentencing.  During this period, she shall remain at her place of residence at all times other than time spent at work or time spent on other activities approved in advance by the probation officer.  This period of home detention shall be enforced by electronic monitoring.  To permit this monitoring, the defendant shall maintain a telephone at her place of residence without any special services, modems, answering machines, or cordless telephones.  She  shall wear electronic monitoring devices and follow all other procedures specified by the probation officer.  The defendant shall pay the cost of electronic monitoring as directed by the probation officer.

2) The defendant shall commence with payments of restitution that remains unpaid beginning on December 3, 2012, and shall continue thereafter on the 3rd day of each month.

DEFENDANT:  DARLA MURTA SANCHEZ
CASE NUMBER:  06-cr-00366-WYD-01                                             Judgment-Page 4 of 5

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $0.00 | $0.00 | $36,525.64 |
| **TOTALS** | $0.00 | $0.00 | $36,525.64 |

[X]  The defendant must make restitution to the following payees in the amount listed below.

If the defendant makes a partial payment each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered |
|---|---|---|
| John Sphalinger | $7,000.00 | $7,000.00 |
| *Teresa Johnston | $3,500.00 | $3,500.00 |
| Heather Mayne | $2,611.00 | $2,611.00 |
| Darlene Stuart | $7,909.32 | $7,909.32 |
| Mohammad Pasha | $2,443.17 | $2,443.17 |
| Van Nguyen | $9,965.15 | $9,965.15 |
| Marlo Delacruz | $3,097.00 | $3,097.00 |
| **TOTALS** | $ 36,525.64 | $ 36,525.64 |

DEFENDANT:  DARLA MURTA SANCHEZ
CASE NUMBER:  06-cr-00366-WYD-01                                                                Judgment-Page 5 of 5

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The balance of restitution shall be due and payable immediately.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.